**Alberto Ornelas CORTEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36394.**

Court of Criminal Appeals of Texas.

Jan. 15, 1964.

Rehearing Denied Feb. 26, 1964.

Theo. Pat Henley, San Antonio, for appellant.

James E. Barlow, Dist. Atty., John G. Benavides, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 20 years.

Felipe C. Adams testified that on the night in question he sat and drank beer at Martin's Ice Station, that appellant joined him about 9:00 p. m. and remained there until shortly before 11:00, during which interval deceased, who was standing with a group of young men around a telephone booth across the street came across to Martin's and bought quarts of beer which he took back to the telephone booth. He stated that at about 11:00 p. m. one Garcia and his wife passed the ice station, and appellant left to take them home. He stated that shortly thereafter as he prepared to leave, he heard shots coming from near the telephone booth and went to investigate; that he saw deceased walking toward appellant's automobile which was parked nearby; that deceased fell and appellant's automobile drove off. Because of the darkness he was unable to identify appellant as the driver. Deceased was shown to have died as the result of three gun shot wounds.

Police Officers, who arrived upon the scene went to appellant's home, where the appellant met them at the door and told them that he had shot a boy and instructed them as to where in his house they might find the pistol. He was then arrested and carried to the police station for interrogation.

Detective Salas of the San Antonio Police testified that he interrogated appellant upon his arrival at the police station, and after properly warning him, prepared a confession, which appellant made to him in Spanish, and reduced it to English. Following this, the confession was read to appellant in Spanish by Martin Benavides, a clerk typist employed at the police station, and then signed by appellant.

It recites that while he was drinking beer at Martin's Ice House on the night in question, deceased came over from across the street and bought beer at one time, giving him a "dirty look". It recites further that Garcia and wife walked by Martin's and he took them home in his automobile, and that he returned to an ice house near the telephone booths across the street from where he had been sitting, for the purpose of buying milk and cigarettes. It further states that he discovered that the ice house was closed and before he could drive away, deceased approached his automobile with his hand in his pocket, whereupon he shot him with a pistol which was lying on the front seat beside him and continued to fire after deceased fell. The confession concludes with the admission that he drove home and delivered the pistol to his wife and that the police arrived soon thereafter.

Appellant, testifying in his own behalf, stated that deceased was his wife's nephew who had recently returned from the penitentiary, and who had been demanding money from him in order to buy marihuana. He stated that he had reported such demands to the District Attorney's office some months prior to the shooting. He denied certain portions of the confession, such as deceased's giving him a dirty look, saying that they had not been properly translated to him, but admitted the salient portions concerning the shooting. He testified that deceased made threats in Pachuco terminology as he approached his (appellant's) automobile, but testified as to no overt gesture other than deceased had his hand in his pocket. He testified that his pistol was in the glove compartment of his automobile and not on the seat beside him. He denied that he bore any ill will against deceased's family because they had informed on him, resulting in his being deported to Mexico.

The court charged on the law of self defense and prior threats. The jury resolved such disputed issues as were presented against appellant, and we find the evidence sufficient to support the conviction.

Appellant in his brief urges that the evidence is insufficient to support the conviction for murder with malice. Claxton v. State, 105 Tex.Cr.R. 308, 288 S.W. 444; Villarreal v. State, 140 Tex.Cr.R. 675, 146 S.W.2d 406 and Brewer v. State, 143 Tex.Cr.R. 136, 157 S.W.2d 388, were each ultimately reversed on a question of the court's charge and since no objections to the charge appear in the case at bar, these cases do not support appellant's contention. We have concluded that Williams v. State, 135 Tex.Cr.R. 586, 121 S.W.2d 1003, is authority supporting the affirmance of this conviction.

Finding no reversible error, the Judgment is affirmed.